ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LUNA RESIDENTIAL II, LLC<br><br>V.<br><br>**JOSÉ ANTONIO COLÓN LÓPEZ**<br><br>Recurrido<br><br>V.<br><br>**FIRSTBANK PUERTO RICO;**<br>PLANET HOME LENDING, LLC; ENTIDAD ASEGURADORA A, B, C<br><br>Peticionario | TA2026CE00408 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. TA2022CV00204<br><br>Sobre:<br>Cobro de dinero y ejecución hipotecaria ordinaria |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de mayo de 2026.

Comparece FirstBank Puerto Rico (FirstBank o peticionario) y nos solicita la revisión de una *Resolución* emitida el 13 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En dicho dictamen, el foro primario denegó la solicitud de sentencia sumaria, del peticionario, en la que este procuró desestimar la *Demanda contra Tercero* instada por el señor José Antonio Colón López (señor Colón López o recurrido).

Por los fundamentos que se exponen a continuación, se expide el auto de *certiorari* y se modifica la *Resolución* recurrida para desestimar la causa de acción incoada contra FirstBank.

**I.**

Este caso se originó el 2 de marzo de 2022, cuando Luna Residential II, LLC (Luna) presentó una *Demanda* en cobro de dinero

---

[1] Entrada Núm. 124 del caso TA2022CV00204 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 18 de febrero de 2026.

y ejecución de hipoteca contra el señor Colón López.[2] En esta, alegó que el recurrido suscribió un pagaré hipotecario a favor de Santander Mortgage Corporation por la suma de $279,100.00, garantizado con un inmueble sito en Toa Alta, Puerto Rico. Arguyó que, al 28 de febrero de 2022, el recurrido adeudaba $193,799.72 de principal; entre otras sumas por intereses acumulados, *escrow*, mora, fondos insuficientes y honorarios de abogado. Como tenedor y acreedor hipotecario, reclamó la cantidad adeudada, entre otros remedios.

El 1 de agosto de 2022, el señor Colón López contestó la *Demanda* y presentó una *Reconvención*.[3] En lo pertinente, sostuvo que realizó los pagos a FirstBank hasta mayo de 2022, fecha en que la institución bancaria dejó de recibirlos sin explicación alguna.

En igual fecha, el recurrido presentó una *Demanda contra Tercero* contra FirstBank.[4] En esta, planteó que dicha entidad adquirió el préstamo hipotecario y recibió los pagos reclamados por Luna hasta mayo de 2022, cuando dejó de aceptarlos sin explicación. Afirmó que desconocía la transferencia del préstamo y que FirstBank continuó recibiendo los pagos sin remitirlos ni notificarlos a Luna o devolverlos. Ante ello, reclamó la devolución de los pagos efectuados y el resarcimiento de los daños ocasionados por el peticionario.

El 24 de agosto de 2022, FirstBank contestó la *Demanda contra Tercero*.[5] En síntesis, negó ser tenedor del pagaré y sostuvo que únicamente administraba el préstamo para Santander Financial Services hasta el 1 de junio de 2021, cuando Luna adquirió el crédito y Planet Home asumió su administración, cambios que alegadamente notificó al recurrido. En cuanto a los pagos efectuados por el señor Colón López, afirmó que dos (2) fueron remitidos a Planet Home y los restantes devueltos al recurrido.

---

[2] *Íd.*, Entrada Núm. 1 en SUMAC.
[3] *Íd.*, Entrada Núm. 14 en SUMAC.
[4] *Íd.*, Entrada Núm. 15 en SUMAC.
[5] *Íd.*, Entrada Núm. 24 en SUMAC.

Eventualmente, el 14 de mayo de 2024, FirstBank presentó una *Moción de Sentencia Sumaria,* mediante la cual solicitó la desestimación de la *Demanda contra Tercero.*[6] En esta, manifestó que nunca fue acreedor ni tenedor del préstamo hipotecario en controversia y que únicamente administró el préstamo hasta el 1 de junio de 2021, cuando Planet Home Lending, LLC (Planet Home) asumió dicha función. Adujo que notificó estos cambios al señor Colón López. Además, sostuvo que no existía controversia sustancial sobre los hechos materiales, ya que la prueba demostraba que los pagos recibidos luego de la transferencia de la administración del préstamo fueron remitidos a Planet Home o devueltos al recurrido.

El 2 de julio de 2024, el recurrido se opuso a la solicitud de sentencia sumaria de FirstBank.[7] En resumen, esgrimió que persistían controversias materiales de hecho, puesto que los pagos realizados al peticionario no habían sido acreditados al préstamo, por lo que la deuda, los intereses y los cargos reclamados continuaban siendo cuestionados. Además, sostuvo que nunca recibió notificación adecuada sobre la transferencia ni sobre el cambio de administrador del préstamo debido a errores en la dirección utilizada para cursar las comunicaciones. Asimismo, le imputó negligencia por continuar aceptando pagos luego de la transferencia de la administración del préstamo y reclamó daños por sus omisiones.

Sometido el asunto ante su consideración, el 13 de febrero de 2026, el TPI emitió una *Resolución,* mediante la cual concluyó que existían controversias genuinas sobre hechos materiales, particularmente si la deuda reclamada era líquida, vencida y exigible.[8] Por ello, determinó que no procedía disponer sumariamente del caso y formuló las siguientes determinaciones de hechos:

1. El 28 de octubre de 2005, el demandado y tercero demandante [suscribieron] un pagaré hipotecario a favor de

---

[6] *Íd.,* Entrada Núm. 80 en SUMAC.
[7] *Íd.,* Entrada Núm. 89 en SUMAC.
[8] *Íd.,* Entrada Núm. 124 en SUMAC. Notificada el 18 de febrero de 2026

Santander Mortgage Corporation por la suma principal de $279,100 con interés a 6 1/8 % anual fijo, mediante affidávit #3,603 ante la Notario Público Camilly I. Azize [Álvarez].

2. En esa misma fecha, en aseguramiento del Pagaré Hipotecario por $279,100, intereses, adelantos, más la cantidad líquida y estipulada de $27,910 para costas, gastos y honorarios de abogado en caso de reclamación judicial, el Deudor constituyó una hipoteca voluntaria, según surge de la Escritura #489, otorgada ante la Notario Público Camilly I. Azize Álvarez (la Escritura de Hipoteca #489), sobre la siguiente propiedad inmueble:

---URBANA: Solar radicado en la Urbanización Las Cascadas, localizada en el Barrio Mucarabones del término municipal de Toa Alta, Puerto Rico, que se describe en el Plano de Inscripción, con el número, área y colindancias que se relacionan a continuación: Número del Solar: Diez (10) del Bloque "AD" (AD-10). Área del Solar: Trescientos Noventa y Dos (392.00) metros cuadrados. En lindes: por el NORTE, en una distancia de veintiocho (28.00) metros lineales, con el Solar Número Nueve (9) del mismo Bloque; por el SUR, en una distancia de veintiocho (28.00) metros lineales, con el Solar Número Once (11) del mismo Bloque; por el ESTE, en una distancia de catorce (14.00) metros lineales, con el Solar Número Siete (7) del mismo Bloque; y por el OESTE, en una distancia de catorce (14.00) metros lineales, con la Calle Número Doscientos Tres (203) de la Urbanización.-----------------------------

---Sobre dicho solar enclava una casa de concreto para fines residenciales.-----------------------------------------

---Consta inscrita al Folio #170 del Tomo #494 de Toa Alta, Registro de la Propiedad de Puerto Rico, Sección Tercera (III) de Bayamón, Finca #25,010.-----------------

3. El gravamen hipotecario constituido sobre la propiedad a través de la Escritura de Hipoteca #489, consta debidamente inscrito en el Registro de la Propiedad de Puerto Rico, Sección Tercera (III) de Bayamón, como inscripción 2da de la Finca #25,010 de Toa Alta.

4. Santander Mortgage Corporation endosó el Pagaré Hipotecario por $279,100 a favor de Banco Santander de Puerto Rico.

5. Por su parte Banco Santander de Puerto Rico endosó el Pagaré Hipotecario por $279,100 a favor de Santander Financial Services Inc.

6. Santander Financial Services endosó el pagaré hipotecario por $279,100 a favor de Luna Residential II LLC, [la] parte demandante.

7. La demandante es la actual tenedora de buena fe, por causa onerosa y mediante endoso, del Pagaré Hipotecario por $279,100.

8. FirstBank no fue ni es acreedor de dicho préstamo.

9. FirstBank proveyó servicios de administración al presente préstamo hipotecario y por ende era la entidad con derecho a cobrar los pagos mensuales adeudados al préstamo hasta el 1 de junio de 2021.

10. FirstBank notificó al tercero demandante que la última fecha para realizar sus pagos en FirstBank era el 31 de mayo de 2021, y que luego de dicha fecha, el 1 de junio de 2021 debía hacer los pagos a nombre de Planet Home Lending LLC.

11. Todo pago realizado por el demandado y tercero demandante en FirstBank, luego del 31 de mayo de 2021, fue referido a Planet Home Lending LLC como nuevo administrador del préstamo o estos fueron devueltos al demandado y tercero demandante:

   a. Pago realizado en FirstBank el 28 de junio 2021 fue transferido a Planet Home el 1 de julio de 2021.
   b. Pago realizado por el demandado y tercero demandante el 4 de agosto de 2021 fue transferido a Planet Home el 13 de agosto de 2021.
   c. Pago realizado por el demandado y tercero demandante el 30 de septiembre de 2021 fue transferido a Planet Home el 8 de octubre de 2021.
   d. Pago realizado por el demandado y tercero demandante el 4 de noviembre de 2021 fue transferido a Planet Home el 17 de noviembre de 2021.
   e. Pago realizado por el demandado y tercero demandante el 17 de diciembre de 2021 fue transferido a Planet Home el 29 de diciembre de 2021.
   f. Pago realizado por el demandado y tercero demandante el 4 de enero de 2022 fue transferido a Planet Home el 12 de enero de 2022.
   g. Pago realizado por el demandado y tercero demandante el 4 de marzo de 2022 fue devuelto al tercero demandante por cheque número 341756 el cual fue debidamente endosado por el tercero demandante.
   h. Pago realizado por el demandado y tercero demandante el 18 de marzo de 2022 fue devuelto al tercero demandante por cheque número 343859 el cual fue debidamente endosado por el tercero demandante.
   i. Pago realizado por el demandado y tercero demandante el 24 de abril de 2022 fue devuelto al tercero demandante por cheque número 346535 el cual fue debidamente endosado por el tercero demandante.

12. La demandante ha realizado gestiones de cobro al demandado y tercero demandante, las que han resultado infructuosas. Además, consignó las siguientes controversias de hechos:

1. Si el 9 de junio de 2021, Planet Home Lending notificó al demandado y tercero demandante que era el nuevo administrador de su préstamo y que los pagos debían ser realizados a su atención.

2. Si el 14 de mayo de 2021, Luna Residential II LLC también notificó al demandado y tercero demandante que el nuevo administrador del préstamo lo era Planet Home Lending LLC.

3. Si la demandante notificó al demandado y tercero demandante la adquisición de la deuda monetaria evidenciada por el Pagaré Hipotecario por $279,100. (Véase Anejo 4, Carta sobre Venta, íntegra)

4. Si la demandante notificó al demandado y tercero demandante el cambio de administración de la deuda monetaria evidenciada por el Pagaré Hipotecario por $279,100.

5. Si la demandante notificó al demandado y tercero demandante, en al menos nueve (9) ocasiones antes de presentarse la Demanda y/o la Reconvención, sobre alternativas de mitigación de pérdidas.

6. Si la demandante notificó al demandado y tercero demandante, en al menos cinco (5) ocasiones después de presentarse la Demanda y/o la Reconvención, sobre alternativas de mitigación de pérdidas.

7. Si el demandado y tercero demandante ha dejado de pagar el Pagaré Hipotecario por $279,100 según pactado, a pesar de los avisos y las oportunidades concedidas, no ha cumplido con dicha obligación; y en consecuencia, está en incumplimiento, razón por la cual adeudaba a la demandante al 28 de febrero de 2022 la suma principal de $193,799.72, más la cantidad de $7,802.40 por concepto de intereses acumulados a dicha fecha y los cuales continúan acumulándose diariamente a razón de la tasa de interés pactada, más la cantidad de $2,119.75 por cargos por demora, más la cantidad de $302.84 acumulada en la cuenta

de reserva ("escrow account"), más la cantidad de $30.00 de cargos por fondos [insuficientes], más la cantidad de $27,910 por concepto de costas, gastos y honorarios de abogado pactados, más otros cargos, recargos y gastos que se acumulen hasta la fecha de su total y completo pago.

En consecuencia, el TPI declaró No Ha Lugar la solicitud de sentencia sumaria presentada por FirstBank, al igual que una presentada por Luna, y ordenó la continuación de los procedimientos.

En desacuerdo con dicho dictamen, el 5 de marzo de 2026 el peticionario solicitó la reconsideración.[9] En esta, argumentó que las determinaciones de hecho consignadas por el TPI demostraron que no existían controversias materiales respecto a las reclamaciones incoadas en su contra. Señaló que la controversia planteada por el señor Colón López consistía en que FirstBank retuvo indebidamente los pagos efectuados al préstamo y el TPI determinó como hecho no controvertido que los mismos fueron remitidos a Planet Home o devueltos al recurrido. Sostuvo que ninguna de las controversias identificadas por el foro primario incidía materialmente sobre la causa de acción en su contra, por lo que solicitó su desestimación. Dicha petición fue denegada por el TPI.[10]

Inconforme, el 6 de abril de 2026, FirstBank presentó este recurso y planteó que el foro recurrido cometió los siguientes errores:

**PRIMER ERROR**: ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL DE FIRSTBANK PUERTO RICO, LUEGO DE HABER ESTABLECIDO HECHOS INCONTROVERTIDOS QUE RESUELVEN LA ÚNICA ALEGACIÓN EN SU CONTRA, ELIMINANDO ASÍ LA BASE FÁCTICA ESENCIAL DE LA DEMANDA CONTRA TERCERO, EN CONTRAVENCIÓN CON LO DISPUESTO EN LA REGLA 36 DE PROCEDIMIENTO CIVIL.

**SEGUNDO ERROR**: ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR LA ADJUDICACIÓN SUMARIA A FAVOR DE FIRSTBANK PUERTO RICO APOYÁNDOSE EN SOBRE NOTIFICACIONES Y GESTIONES ATRIBUIBLES A OTRAS PARTES, SIN IDENTIFICAR CONTROVERSIA MATERIAL ALGUNA IMPUTABLE A FIRSTBANK PUERTO RICO.

**TERCER ERROR**: ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL NO DISPONER DE LA RECLAMACIÓN

---

[9] *Íd.,* Entrada Núm. 125 en SUMAC.
[10] *Íd.,* Entrada Núm. 126 en SUMAC.

CONTRA FIRSTBANK PUERTO RICO (O, EN LA ALTERNATIVA, AL NO SEÑALAR QUÉ CONTROVERSIA MATERIAL SUBSISTE RESPECTO A DICHA PARTE), PROVOCANDO SU PERMANENCIA INDEBIDA EN EL PLEITO Y UNA DILACIÓN INNECESARIA, CONTRARIO A LOS CRITERIOS APLICABLES PARA LAS SENTENCIAS SUMARIAS, INCLUYENDO EVITAR FRACCIONAMIENTO INDEBIDO Y UN FRACASO DE LA JUSTICIA.

En esencia, el peticionario reiteró que procedía dictar sentencia sumaria a su favor, puesto que las determinaciones de hecho formuladas por el TPI demostraron ausencia de controversia material respecto a las reclamaciones incoadas en su contra. Explicó que nunca fue acreedor ni tenedor del préstamo en controversia y que su participación se limitó a administrar el préstamo hasta el 1 de junio de 2021, fecha en que Planet Home asumió dicha función. Asimismo, sostuvo que el acreedor hipotecario del préstamo era Luna.

De otra parte, señaló que las alegaciones en su contra se limitaron a la falta de notificación sobre la transferencia de la administración del préstamo y a la retención indebida de pagos. Reiteró que el TPI consignó como hechos no controvertidos que notificó el cambio de administrador y que los pagos realizados por el recurrido fueron devueltos a este o remitidos a Planet Home. Así, arguyó que no existía controversia material que justificara su permanencia en el pleito, ya que las controversias identificadas por el TPI concernían a actuaciones atribuidas a Luna y Planet Home.

El 3 de mayo de 2026, el señor Colón López presentó su alegato, en el que sostuvo que el TPI actuó correctamente al denegar la solicitud de sentencia sumaria presentada por FirstBank, debido a la existencia de controversias genuinas sobre hechos materiales. Adujo que, aunque el peticionario no era acreedor del préstamo, fungió como administrador hasta el 1 de junio de 2021 y, en esa capacidad, gestionó cobros, pagos y notificaciones relacionadas con el préstamo en representación de Luna. Sostuvo que las controversias sobre las notificaciones del cambio de administrador y la transferencia de la deuda estaban vinculadas a las actuaciones de

FirstBank, entidad que continuó aceptando pagos después de presentada la *Demanda* sin informar adecuadamente dicho cambio. Por ello, solicitó denegar la expedición del auto de *certiorari*.

**II.**

**A. *Certiorari***

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise discrecionalmente determinaciones interlocutorias de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio de Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la expedición del auto de *certiorari* para la revisión de dictámenes interlocutorios bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, y denegatorias de mociones dispositivas. *McNeill Healthcare LLC v. Municipio de Las Piedras*, *supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et al.*, 202 DPR 478 (2019). Como excepción, permite la revisión de asuntos de admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o cuando esperar a la apelación ocasionaría un fracaso irremediable de la justicia. *Íd.*

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 40, dispone los criterios que guían el ejercicio de la facultad discrecional de este foro para atender el recurso de *certiorari*, al considerar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegatoria de la expedición del auto de *certiorari* no requiere expresar sus fundamentos ni implica una adjudicación en los méritos. *IG Builders et al. v. BBVAPR, supra,* pág. 336; *McNeill Healthcare LLC v. Municipio de Las Piedras, supra,* pág. 405.

### B. Sentencia Sumaria

La sentencia sumaria permite disponer de un caso sin la celebración de un juicio cuando no existen controversias genuinas sobre hechos materiales. *Coop. Seguros Múltiples de PR v. ELA,* 2025 TSPR 78, 216 DPR ___ (2025); *Birriel Colón v. Econo y otro,* 213 DPR 80 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310 (2021). Un hecho material es aquel que puede afectar el resultado de la reclamación. *Ramos Pérez v. Univisión,* 178 DPR 200 (2010). Así, procede dictar sentencia sumaria cuando las alegaciones y la prueba demuestran ausencia de controversia real sobre los hechos materiales. Regla 36.3 (e) de Procedimiento Civil, *supra,* R. 36.3 (e); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414 (2013).

La parte opositora debe controvertir los hechos materiales mediante evidencia sustancial, aunque la falta de prueba no conlleva la concesión automática del dictamen sumario. *Birriel Colón v. Supermercado Los Colobos, supra; SLG Fernández-Bernal v. RAD-MAN* et al., *supra.* Además, no puede descansar en meras alegaciones

cuando la solicitud de sentencia sumaria está apoyada con prueba, ya que debe responder con igual especificidad y detalle. Regla 36.3 (c) de Procedimiento Civil, *supra*, R. 36.3 (c); *Birriel Colón v. Econo y otro, supra; Ramos Pérez v. Univisión, supra.*

Al revisar una sentencia sumaria, este Tribunal examina el asunto *de novo*, en la misma posición que el TPI. *Meléndez González et al. v. M. Cuebas, supra.* En tal ejercicio, solo procede considerar la prueba presentada ante el foro primario y evaluar el expediente de la forma más favorable para la parte opositora. *Íd.* Además, corresponde verificar el cumplimiento con los requisitos de la Regla 36 de Procedimiento Civil, *supra*, R. 36 y discutidos en el caso *SLG Zapata-Rivera v. J.F. Montalvo, supra. Íd.* Luego, se debe determinar si existen hechos materiales en controversia y, de ser así, distinguir entre los hechos controvertidos e incontrovertidos. *Íd.* De no existir hechos materiales en controversia, procede evaluar si el TPI aplicó correctamente el derecho. *Íd.*

### III.

En el presente caso, FirstBank planteó que el foro primario incidió al denegar su solicitud de sentencia sumaria, al no identificar controversias materiales relacionadas con dicha entidad y mantener indebidamente su permanencia en el pleito.

Como cuestión de umbral, procede revisar *de novo* los documentos presentados por las partes en torno a la solicitud de sentencia sumaria de FirstBank. No existiendo controversia sobre los requisitos de forma, corresponde determinar si subsistían controversias genuinas sobre hechos materiales que justificaran la permanencia de FirstBank en el caso.

En tal ejercicio, esta foro concluye que el TPI incidió en su dictamen. Las reclamaciones contra FirstBank se cimentaron en la retención de pagos y la falta de notificación sobre la transferencia de la administración del préstamo. Sin embargo, el foro recurrido

determinó como hechos incontrovertidos que FirstBank nunca fue acreedor ni tenedor del pagaré y que solo administró el préstamo hasta el 1 de junio de 2021. Asimismo, consignó que el peticionario notificó al recurrido el cambio de administrador y que los pagos efectuados entre junio de 2021 y enero de 2022 fueron remitidos a Planet Home, mientras que los realizados entre marzo y abril de 2022 fueron devueltos al señor Colón López mediante cheques endosados.

De esta manera, la propia prueba presentada por las partes descartó la premisa esencial de la reclamación contra FirstBank, esto es, que retuvo indebidamente pagos del préstamo hipotecario. De otra parte, las controversias identificadas por el foro primario incidían sobre actuaciones atribuidas a Luna y Planet Home, no sobre hechos vinculados a la responsabilidad de FirstBank.

Por consiguiente, aun examinando el expediente de la manera más favorable al señor Colón López, no surge del mismo controversia material alguna que justifique la permanencia de FirstBank en el pleito. En consecuencia, procedía dictar sentencia sumaria parcial a su favor y desestimar la *Demanda contra Tercero* incoada en su contra.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se modifica la *Resolución* recurrida a los fines de desestimar la causa de acción contra FirstBank.

Así modificada, se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí dispuesto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones